**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:24-CR-00156- |
| | § | ALM-BD |
| RAMON CORTES-HUITRON (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Ramon Cortes-Huitron's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 30, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Calli Bailey.

Defendant was sentenced on March 25, 2025, before The Honorable Chief Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Alien, a Class E felony. This offense carried a statutory maximum imprisonment term of 2 years. The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of I, was 4 to 10 months. Defendant was subsequently sentenced to 6 months imprisonment, followed by a 1-year term of supervised release subject to the standard conditions of release, plus special conditions to include alcohol abstinence, deportation, substance abuse testing and treatment, and a $100 special assessment. On April 9, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

On October 8, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #32, Sealed). The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) <u>Mandatory Condition</u>

REPORT AND RECOMMENDATION – Page 1

Defendant must not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; and (3) <u>Special Condition</u> As a condition of supervised release, immediately upon release from confinement, Defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. If ordered deported, Defendant must remain outside the United States. In the event Defendant is not deported, or for any reason reenters the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or reentry into the country. (Dkt. #32 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 5, 2025, Defendant was arrested by the Lewisville, Texas Police Department for committing the offense of No Driver's License, a Class C Misdemeanor. Defendant was released on a $200 Surety Bond, and, at the time of the writing of the Petition, that charge remained pending in the Lewisville Municipal Court in Denton County, Texas. According to the incident report, the traffic stop was initially conducted because Defendant was driving 33 mph in an active school zone where the posted speed limit was 20 mph; and (2) & (3) Defendant was deported to Mexico on or about May 7, 2025. As evidenced by Defendant's arrest on September 5, 2025, he failed to remain outside of the United States after deportation in violation of Title 8 U.S.C. § 1326(a). Additionally, Defendant did not report to the nearest United States Probation Office upon his reentry to the United States. (Dkt. #32 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1, 2, and 3 in the Petition. Having considered the Petition and

REPORT AND RECOMMENDATION – Page 2

the plea of true to allegations 1, 2, and 3, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of four (4) months, to run consecutive to the sentence imposed in Cause No. 4:26-CR-00016, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 20th day of July, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 3